IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELDRIDGE A. SUMLIN, )
 )
       Petitioner, )
 )
vs. ) CIVIL NO. 08-cv-279-GPM
 )
B. A. BLEDSOE, )
 )
       Respondent. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

      In 2002, Petitioner was sentenced to serve 12 months on a violation of his supervised release. *United States v. Sumlin*, Case No. 95-CR-42-ERW (E.D. Mo., filed July 20, 1995). The conduct giving rise to that violation was subsequently prosecuted in federal court; Petitioner was found guilty and sentenced to an aggregate of 121 months on several counts, all sentences to run concurrently.

*United States v. Sumlin*, Case No. 02-CR-115-ERW (E.D. Mo., filed Sept. 23, 2002). The sentencing court also stated that those sentences would "run concurrently with any sentence previously rendered in this court" (*see* the instant case, Doc. 1, p. 31), and that language is the basis for this action. Petitioner believes that he is entitled to credit from that 12-month sentence against the 121-month sentences.

There is just one fatal flaw in Petitioner's reasoning. As clearly set forth in exhibits to the petition, the 12-month sentence began to run on December 16, 2002, the date that he was sentenced on the parole violation. After receiving various credits against that 12-month sentence, that sentence was fully discharged on September 10, 2003. At that time, it appears that Petitioner remained in custody pending resolution of the criminal charges against him. The final disposition in that case did not occur until July 27, 2004, when the 121-month sentences were handed down. Although the sentencing judge indicated a willingness to run those sentences concurrently with any prior sentence, it is clear that he meant undischarged sentences, or any portion thereof; it is a logistical impossibility to run a sentence concurrently with one that has already been fully served.

In summary, Petitioner is not entitled to relief, and this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 06/18/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge